[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, Town of Berlin, brings this complaint requesting the issuance of an injunction to restrain the defendant from violating Connecticut State Building Code Section 121.2; and, the Special Acts and Ordinances of the Town of Berlin, specifically Section 2-68.
The defendant, John Rambis, is the owner of real estate situated at Lot 3, Block 115, 102 Meadow Lane, Berlin, Connecticut. The property consists of over fifty (50) acres which he farms. The defendant is 79 years old, was born there, has lived on and worked the farm all his life. Prior to acquiring title to the premises, the property was owned by the defendant's parents. The town of Berlin ("Berlin") contends that the defendant ("Rambis") violated the previously men mentioned statutes and ordinances, that he received notice (Plaintiff's s Exhibit 7) of unsafe structure; also, a Cease and Desist Order (Plaintiff's Exhibit 4) from Berlin officials and has failed to respond to these communications. These documents require Rambis CT Page 9657 to raze a barn on his premises and to cease the open storage of inoperable motor vehicles and unsightly materials.
Rambis responds to the effect that he is not in violation of the aforesaid statutes and ordinances, in that regarding the barn he attempted to remedy its deteriorating condition by applying to the building inspector for a permit to repair and/or rebuild the barn. That the building inspector refused his request for a permit and insisted that only the razing of the barn was acceptable in complying with the statutes.
Further, that the Cease and Desist Order regarding, inoperable motor vehicles and unsightly materials does not apply to the great majority of items of personalty set out by the Berlin officials. Rambis notes that various trucks and farm machinery are operable subject to minor tuning-up including replacement parts. He places in this category a Chevy truck and a blue truck, as well as a wrecker-type tow truck. That school buses, while not operable as motor vehicles have been converted into farm buildings, i.e. chicken coops.
Rambis argues that the mere fact that vehicles designed for a specific purpose — as are school buses — may also have useful life serving in an entirely different capacity from that of the original design — as when he converted the school buses from their designed purpose of transporting school child to his (Rambis) conversion of the buses to housing for his chickens.
Rambis further complains that the Berlin town officials' classification of his farm equipment and his method of storing, it as "unsightly material" is not an objective description of farming and the equipment and structures used to carry out farming. To buttress his position he points to the numerous artists whose works showing farm buildings in various stages of disrepair but are looked upon as having artistic merit. Never are they considered unsightly
Finally, Rambis notes that the statutes referred to by Berlin, Connecticut State Building Code Section 120.0 Unsafe Structures do permit by way of Section 120.4 Restoration of an unsafe structure; and, that he was not given this option by the Berlin building official even though he (Rambis) requested it. And, as to Berlin Ordinances and Special Acts § 2-68 prohibiting, the open storage of inoperable motor vehicles and unsightly materials, Rambis points out that Section 4 excludes CT Page 9658 the effect of this ordinance on farm equipment.
However, over and beyond the above mentioned statutes, ordinances and special acts, the plaintiff municipality does have basic powers to protect the health, welfare and safety of the community. Through the implementation of these powers Berlin may require the defendant to maintain his property in a safe condition for any person on the defendant's premises, or for that matter to provide for the health and safety of the farm animals on the premises.
That it is to the best interest of the community to require the defendant to keep his premises in a reasonably safe condition consistent with its farming use.
Therefore, taking into considerations the evidence and exhibits presented at the hearing, as well as the statutes and ordinances and special acts, together with the inherent powers of the municipality required to govern, the court issues the following orders:
The defendant John Rambis is permanently restrained from violating the following court orders:
His is to apply for, and the plaintiff town is to issue to him, a permit to renovate the barn on his premises. He is to complete the renovations by December 31, 1998. unless weather conditions, or conditions beyond his control delay the completion of the barn renovation. In such case the completion date may be extended to April 30, 1999.
He is to place all equipment used for farming behind fencing that will shield it from viewing from the roadway. This equipment must be in usable condition or can be placed in such a condition within a reasonable time and at reasonable cost.
All other equipment including remnants of sheds. scrap lumber, etc. and/or motor vehicles that are inoperable are to be removed from the premises within 60 days, with the following exceptions; the school bus bodies that are used to house chickens, so long as they are actually used for that purpose and are shielded by a fence from public view. If not so used they are to be removed from the premises within 60 days of the termination of such usage. CT Page 9659
Further, the John Deere tractor may remain on the premises in its present location subject to its use as a decorative or an instructive early model farm tractor.
Further, these orders are to be effective immediately. Failure on the part of the defendant to implement these orders will be subject to court enforcement by motion on the plaintiff's part.
No costs are assessed against either party.
It is so ordered.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE